IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. TIEMOKO COULIBALY, et al.,     :

    Plaintiffs,                        :

v.                                 :
                       Civil Action No. GLR-15-3276
J.P. MORGAN CHASE BANK, N.A.,      :
et al.,

                                     :

    Defendants.                        :

                                     :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on pro se Plaintiffs', Dr. Tiemoko Coulibaly and Dr. Fatou Gaye-Coulibaly, Complaint (ECF No. 1) and Motion to Proceed in Forma Pauperis (ECF No. 2). Because the Coulibalys appear indigent, their Motion to Proceed in Forma Pauperis will be granted. For the reasons that follow, however, the Complaint will be dismissed.

**I.  BACKGROUND**

**A.  The First and Second Actions**

On December 16, 2010, the Coulibalys initiated an action in this Court (the "First Action"), alleging wrongdoing associated with the purchase and finance of their Silver Spring, Maryland residence.[1] <u>Coulibaly v. J.P. Morgan Chase Bank, N.A.</u>, No. DKC-10-

---

[1] Specifically, the Coulibaly's asserted the following claims in a sixty-three page complaint:
    (1) civil conspiracy; (2) intentional infliction of emotional distress; (3) violations of the Fair Housing Act ("FHA"); (4) additional violations of the FHA and related violations of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures

3517, 2011 WL 3476994 (D.Md. Aug. 8, 2011). In 2011, Judge Deborah K. Chasanow dismissed, under Federal Rule of Civil Procedure 12(b)(6), all but one claim against J.P. Morgan Chase Bank, N.A. ("Chase"); dismissed, under Rule 12(b)(6), all of the claims against the other defendants; denied the Coulibalys' motions for sanctions, recusal, and reconsideration; and entered a scheduling order.  Id.

In January 2012, Judge Chasanow referred the First Action to Magistrate Judge Charles B. Day for discovery.  Magistrate Judge Day held a discovery hearing in March 2012.  On September 7, 2012, Judge Chasanow granted Chase's Motion for Summary Judgment and closed the case.  Coulibaly v. J.P. Morgan Chase Bank, N.A., No.

---

Act ("RESPA"), and the Equal Credit Opportunity Act ("ECOA"); (5) breach of contract and "violation of [the] Maryland First-Time Home Buyer Closing Cost Reduction Act"; (6) breach of contract and conversion "of [the] house's ownership"; (7) negligence and gross negligence; (8) "malicious violation" of the PMI contract; (9) "malicious violation" of "HAMP Guidelines;" (10) unjust enrichment resulting from "the bad terms of HAMP modification"; (11) "malicious breach of contract and conversion of Plaintives's [sic] money at the settlement"; (12) fraud, breach of contract, blackmail, and conversion relating to the earnest money; (13) misrepresentations in the property listing in violation of the Lanham Act and RESPA; (14) "misrepresentation and fraud" resulting in "increased credit card debt"; and (15) fraud resulting "in the cancellation of Plaintiff's presidential campaign."

Coulibaly v. J.P. Morgan Chase Bank, N.A., No. DKC 10-3517, 2011 WL

DKC-10-3517, 2012 WL 3985285, at *11 (D.Md. Sept. 7, 2012).  On May

1, 2013, the United States Court of Appeals for the Fourth Circuit

affirmed this Court's orders in the First Action.  Coulibaly v. JP

Morgan Chase Bank, N.A., 526 F.App'x 255, 255 (4th Cir. 2013) (per

curiam).

     The Coulibalys filed several motions following the Fourth

Circuit's May 1, 2013 decision; this Court denied them all.

Coulibaly v. J.P. Morgan Chase Bank, N.A., No. DKC-10-3517, 2014 WL

992778, at *3 (D.Md. Mar. 13, 2014).   On October 20, 2014, the

Fourth Circuit affirmed the denials. Coulibaly v. JP Morgan Chase

Bank, N.A., 584 F.App'x 178, 178 (4th Cir. 2014) (per curiam).   In

January 2015, the Coulibalys sought to transfer venue of the closed

First Action to the United States District Court for the District

of Columbia, alleging judicial retaliation.  This Court denied the

Coulibalys' Motion to Transfer Venue on January 29, 2015.

     On February 12, 2015, the Coulibalys submitted a document to

the Clerk of the Court, captioned to be filed in the First Action,

but titled as a Complaint under the Federal Tort Claims Act

("FTCA"), 28 U.S.C. § 1346(b)(1) (2012), against Judge Chasanow and

Magistrate Judge Day.   The Coulibalys complained that Judge

Chasanow and Magistrate Judge Day were motivated by reprisal in the

First Action and their orders constituted discriminatory,

negligent, and unconstitutional acts.   Because the Coulibalys

---

3476994, at *4 (D.Md. Aug. 8, 2011).

asserted a new cause of action and named new defendants, the Clerk opened a new case (the "Second Action"), <u>Coulibaly v. Chasanow</u>, No. TDC-15-0425 (D.Md. filed Feb. 12, 2015).  On February 27, 2015, Judge Theodore D. Chuang dismissed, under Rule 12(b)(6), the Second Action.  <u>Coulibaly v. Chasanow</u>, No. TDC-15-0425, 2015 WL 877786, at *3 (D.Md. Feb. 27, 2015).  The Coulibalys did not appeal.

**B.    The Present Action**

On October 1, 2015, the Coulibalys filed a fifty-nine-page Complaint in the United States District Court for the District of Columbia (the "Present Action"), re-naming all the defendants in the First and Second Actions, as well as Judge Chuang, the United States, and Rosenberg & Associates, L.L.C.[2,3,4]  (ECF No. 1). They also filed a Motion to Proceed in Forma Pauperis (ECF No. 2).  On

_____

[2] Although the Coulibalys name Rosenberg & Associates, L.L.C. ("Rosenberg") as a Defendant in the caption of their Complaint, their Complaint contains no factual allegations against Rosenberg. Indeed, the Coulibalys do not list Rosenberg in the "Parties" section of their Complaint.  (Compl. ¶¶ 19–28, ECF No. 1).  As such, the Court will dismiss Rosenberg as a Defendant. <u>See</u> <u>Weller v. Dep't of Soc. Servs. for Balt.</u>, 901 F.2d 387, 397 (4th Cir. 1990).

[3] Specially, the Coulibalys assert the following claims: violation of the Maryland Mortgage Fraud Prevention Act, Md.Code Ann., Real Prop. §§ 7–401, <u>et seq.</u>, the Maryland Consumer Protection Act, Md.Code Ann., Comm.Law §§ 13–101, <u>et seq.</u>, and the Maryland Protection of Homeowners in Foreclosure Act, Md.Code Ann., Real Prop. §§ 7–301, <u>et seq.</u>; fraud; negligence; gross negligence; conversion; and tortious interference with contract (collectively, the "Non-Judicial Claims").  They also assert claims against Judges Chasanow and Chuang and Magistrate Judge Day for violating the FTCA and 42 U.S.C. § 1985(3) (collectively, the "Judicial Claims").

[4] It is unclear from the Compliant which claims the Coulibalys bring against the United States.  Liberally construing their Complaint, the Court will assume the Coulibalys intended to also

4

October 26, 2015, the United States District Court for the District of Columbia transferred the Present Action to this Court. (ECF No. 3).

## II.  DISCUSSION

### A.  <u>Standard of Review</u>

Because they seek to proceed in forma pauperis, the Court must screen the Coulibalys' Complaint. <u>See</u> 28 U.S.C. § 1915(e)(2)(B) (2012); <u>Michau v. Charleston Cty., S.C.</u>, 434 F.3d 725, 728 (4th Cir. 2006).  As part of its screening process, the Court may consider whether the Coulibalys fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

The standard for determining whether a plaintiff has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for reviewing a motion to dismiss pursuant to Rule 12(b)(6).  <u>De'Lonta v. Angelone</u>, 330 F.3d 630, 633 (4th Cir. 2003).  Accordingly, the Coulibalys' Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  "Threadbare recitals of the

---

assert the Judicial Claims against the United States.

elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Id. (citing Twombly, 550 U.S. at 555).

When screening the Coulibalys' Complaint, the court must construe the Complaint in the light most favorable to the Coulibalys, read the Complaint as a whole, and take the facts asserted therein as true. See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).   Legal conclusions, however, are not entitled to the assumption of truth. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).   Also, because the Coulibalys are acting pro se, the Court must construe their Complaint liberally.   Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**B.   Analysis**

**1.   Non-Judicial Claims**

The Court will dismiss the Coulibalys' Non-Judicial Claims because they are barred by res judicata.

Res judicata is a ground for dismissal under Rule 12(b)(6). Davani v. Va. Dep't of Transp., 434 F.3d 712, 720 (4th Cir. 2006). A Rule 12(b)(6) dismissal based on res judicata is only appropriate, however, when the basis for res judicata "clearly appears on the face of the complaint." Theune v. U.S. Bank, N.A., No. MJG-13-1015, 2013 WL 5934114, at *3 (D.Md. Nov. 1, 2013)

6

(quoting Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).  Res judicata, also known as claim preclusion, "bars a party from suing on a claim that has already been litigated to a final judgment by that party . . . and precludes the assertion by such part[y] of any legal theory, cause of action, or defense which could have been asserted in that action."  Reid v. New Century Mortg. Corp., No. 8:12-02083-AW, 2012 WL 6562887, at *3 (D.Md. Dec. 13, 2012) (quoting Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009)).

For res judicata to apply, three elements must be shown: (1) the parties in the current action are the same or in privity with the parties in the previous action; (2) the claims presented in the current action are identical to claims that were or could have been litigated in the previous action; and (3) there was a final judgment on the merits of the claims in the previous action. Jacobs v. Venali, Inc., 596 F.Supp.2d 906, 913 (D.Md. 2009).  The Fourth Circuit has adopted a transactional approach to identifying claims subject to res judicata, under which "the appropriate inquiry is whether the new claim arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."  Indus. Unlimited v. Viacom Entm't Int'l, Inc., No. DKC 2005-0906, 2005 WL 1177931, at *2 (D.Md. May 18, 2005) (quoting Meekins v. United Transp. Union, 946 F.2d 1054, 1058 (4th Cir. 1991)).  Dismissals for failure to state a claim under Rule

7

12(b)(6) and summary judgment are final judgments on the merits for purposes of res judicata.  Frank v. Home Depot, U.S.A., Inc., 481 F.Supp.2d 439, 442 (D.Md. 2007); Armstrong v. Koury Corp., 16 F.Supp.2d 616, 619 (M.D.N.C. 1998), aff'd, 168 F.3d 481 (4th Cir. 1999).

The Coulibalys' Complaint is far from a model of clarity—it is rambling, muddled, and riddled with disjointed legal arguments and duplicate causes of action.  What is clear on the face of their Complaint, however, is that the Non-Judicial Claims for negligence, gross negligence, fraud, conversion, and breach of contract are identical to claims in the First and Second Actions.  As for the other Non-Judicial Claims, the Coulibalys could have presented them in their First and Second Actions because they all arise out of the same transactions as the claims this Court resolved against the Coulibalys in those actions.  Moreover, the Rule 12(b)(6) dismissals and summary judgment that this Court entered against the Coulibalys in the First and Second Actions were final judgments on the merits.  Thus, the Court finds the Non-Judicial Claims are barred by res judicata and will dismiss them with prejudice.

**2.   Judicial Claims**

**a.   FTCA Claims**

The Court will dismiss the Coulibalys' FTCA claims with prejudice based on res judicata and judicial immunity.

8

Res judicata bars the Coulibalys' FTCA claims against Judge Chasanow and Magistrate Judge Day because Judge Chuang dismissed, under Rule 12(b)(6), the Coulibalys' FTCA claims against these Judges in the Second Action.  Res judicata does not bar, however, the Coulibalys' FTCA claim against Judge Chuang because this is the first opportunity for the Coulibalys to challenge Judge Chuang's conduct in dismissing the Second Action.  Nevertheless, Judge Chuang is immune from civil liability because the Coulibalys do not allege he acted outside his judicial capacity when dismissing the Second Action.  King v. Myers, 973 F.2d 354, 356–57 (4th Cir. 1992) (explaining that judges are entitled to absolute immunity from civil suit unless they act outside their judicial capacity or in a total absence of jurisdiction).  This immunity also extends to the United States.  See Bush v. Blake, No. JFM-11-1410, 2011 WL 2311835, at *2 (D.Md. June 9, 2011) (citing Tinsley v. Widener, 150 F.Supp.2d 7, 12 (D.D.C.2001)).  Thus, the Court finds the Coulibalys fail to state FTCA claims and will dismiss them with prejudice.

### b.   Section 1985 Claims

The Court will dismiss the Coulibalys' § 1985(3) claims with prejudice because the United States is not subject to liability and the Coulibalys fail to sufficiently allege a single element of a § 1985(3) claim.

To state a plausible claim for relief under § 1985, a plaintiff must allege five elements:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) (citing Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985)). "Mere conclusory allegation of a conspiracy will not be sufficient to present a claim under § 1985." Patterson v. Stogner, No. 0:10-2456-CMC-BM, 2010 WL 4822830, at *2 (D.S.C. Nov. 22, 2010) (citing Simmons, 47 F.3d at 1377).

The Coulibalys' § 1985(3) claim against the United States fails because "the United States is not a person within the meaning of § 1985." Proffitt v. United States, 758 F.Supp. 342, 345 (E.D.Va. 1990). As for the Coulibalys' § 1985(3) claim against the Judges, the Coulibalys allege only that the Judges conspired to "protect" Judge Chasanow. (Compl. ¶ 105, ECF No. 1). Although addressing the first element of a § 1985(3) claim, this allegation, is nothing more than a legal conclusion devoid of factual enhancement that is not entitled to the assumption of truth. What is more, the Coulibalys completely fail to present allegations regarding the second, third, fourth, and fifth elements of a §

10

1985(3) claim.  Accordingly, the Court finds the Coulibalys fail to state § 1985(3) claims and will dismiss them with prejudice.[5]

### III. CONCLUSION

For the foregoing reasons, the Coulibalys' Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE and their Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.  A separate Order follows.

Entered this 9th day of February, 2016

/s/

_____
George L. Russell, III
United States District Judge

---

[5] Because the Coulibalys allege that the Judges conspired to protect Judge Chasanow—a conspiracy that is not actionable under 42 U.S.C. § 1985(3)—the Court will not afford the Coulibalys an opportunity to refile their § 1985(3) claim against the Judges at a later date.